IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02088-BNB

JESUS RODRIGUEZ,

　　Plaintiff,

v.

EL PASO COUNTY SHERIFF'S C.J.C.,

　　Defendant.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 9 2009

GREGORY C. LANGHAM
　　　　　　　CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Jesus Rodriguez, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Denver Reception and Diagnostic Center in Denver, Colorado. Mr. Rodriguez, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights have been violated. He seeks injunctive relief and compensation for the loss of his sight and for any needed surgery on his back.

The Court must construe the Complaint liberally because Mr. Rodriguez is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Rodriguez will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and finds that it is deficient. Mr. Rodriguez may not sue the El Paso County C.J.C. (Criminal Justice Center), because it is not a separate entity from El Paso County and, therefore, is not a person under 42

U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case). Any claims asserted against the justice center must be considered as asserted against El Paso County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Rodriguez cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Rodriguez also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Rodriguez must name and show how each named defendant caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Rodriguez, therefore, will be directed to file an Amended Complaint that clarifies who he is suing and alleges specific facts that demonstrate how each named

2

Defendant personally participated in the asserted constitutional violation. In order for Mr. Rodriguez to state a claim in federal court, his Amended "[C]omplaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Rodriguez file an Amended Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Rodriguez, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Rodriguez fails to file an Amended Complaint within the time allowed the action will be dismissed without further notice.

DATED October 9, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02088-BNB

Jesus Rodriguez
Prisoner No. 146044
DRDC
P.O. Box 3902004
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/9/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk